UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES JOSEPH SALERNO,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[1]

Defendant.

No. 10 C 2582

Magistrate Judge Mary M. Rowland

# MEMORANDUM OPINION AND ORDER

Plaintiff Charles Joseph Salerno filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's denial of his application for Disability Insurance Benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On December 16, 2011, pursuant to sentence four of 42 U.S.C. 405(b), the Court reversed the decision of the Administrative Law Judge (ALJ) and remanded the case to the Commissioner for further proceedings. A supplemental hearing was held before the ALJ, and a fully favorable decision was entered on November 30, 2012. (Mot. ¶ 3). Plaintiff's Notice of Award, dated February 11, 2013, awarded $107,132.90 in past-due benefits, of which $26,783.23, or 25%, was withheld for attorney's fees. (*Id.* ¶ 4).

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security and is substituted for her predecessor, Michael J. Astrue, as the proper defendant in this action. Fed. R. Civ. P. 25(d)(1).

Plaintiff's Counsel now files a motion seeking $26,783.23 in attorney's fees, pursuant to 42 U.S.C. § 406(b). (Mot. ¶ 6). The Commissioner argues that the fees are unreasonable and urges the Court to reduce the fee award. (Resp. 3). For the reasons set forth below, the Court grants the Motion.

## I. DISCUSSION

### A. Background

Counsel represented Plaintiff on his Social Security claim, both in administrative proceedings and in federal court, since September 2008. (Mot. ¶¶ 5, 12). He agreed to represent Plaintiff in his Social Security proceedings in federal court in exchange for up to 25% of any past-due benefits awarded to him by the Social Security Administration. (*Id.* ¶ 5, Ex. 2). Under the fee agreement, if Counsel was unable to achieve a favorable result for Plaintiff, he would receive no compensation. (*See id.* Ex. 2). Counsel documented 34 hours for work related to his representation of Plaintiff in federal court. (*Id.* ¶ 11, Ex. 3).

### B. Applicable Law

The Social Security Act prescribes the "exclusive regime for obtaining fees for successful representation" of an individual claiming benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Fees for representation during the judicial review stage are treated discretely from those for representation in administrative proceedings. *Id.* at 794 ("[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court"). Fees charged by claimant's counsel must be reasonable and the combination of § 406(a) and § 406(b)

fees may not exceed 25% of claimant's past-due benefits.[2] 42 U.S.C. §§ 406(a)(2)(A)(ii)(I), 406(b). The Act also provides that any attempt to collect fees in excess of those provided by § 406 would constitute a criminal offense. *Id.* § 406(a)(5), (b)(2).

The *Gisbrecht* Court noted that "Congress sought to protect claimants against 'inordinately large fees' but also to ensure that attorneys representing successful claimants would not risk 'nonpayment.'" 535 U.S. at 805. The Supreme Court also recognized that Congress accepted contingency fee agreements as an "effective means of ensuring claimant access to attorney representation." *Id.* To balance these goals, the Supreme Court held that courts must review § 406(b) petitions for reasonableness and the petitioning attorney "must show that the fee is reasonable for the services rendered." *Id.* at 807. The Supreme Court described a reasonableness review as "based on the character of the representation and the results the representative achieved," and described three situations in which courts have appropriately reduced fees as unreasonable: (1) the "representation is substandard," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the

---

[2] The Social Security Administration allows for a splitting of fees between the court representation pursuant to § 406(b) and the administrative representation pursuant to § 406(a). "If a Federal court in any proceeding under title II of the Act makes a judgment in favor of a claimant who was represented before the court by an attorney, and the court, under section 206(b) of the Act, allows to the attorney as part of its judgment a fee not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of the judgment, we may pay the attorney the amount of the fee out of, but not in addition to, the amount of the past-due benefits payable." 20 C.F.R. § 404.1728.

Here, unless the Court awards Counsel a fee less than requested, Counsel will not file a § 406(a) fee request with the Agency. (Reply 3).

case in court," and (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.* at 808.

**C. Analysis**

The Commissioner contends that the Motion should be denied because Counsel did not provide the Court with his noncontingent hourly rate. (Resp. 3). In addition, the Commissioner calculates that for the 34 hours Counsel spent litigating this case, his hourly rate comes to more than $787 per hour. (*Id.*). The Commissioner argues that this rate "seems unreasonably high, even considering 'the services performed, the risk of loss and other relevant considerations.'" (*Id.*) (quoting *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989)).

The Court finds that Counsel is entitled to his requested fees. First, the Supreme Court did not *mandate* that counsel provide either the hours expended or a noncontingent hourly rate in order to assess reasonableness. *See Gisbrecht*, 533 U.S. at 808 ("[T]he court *may* require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases.") (emphasis added). Moreover, because claimants do not have the resources to hire a representative on an hourly or fixed-fee basis, attorneys representing Social Security claimants generally rely on contingent-fee agreements. Here, because Counsel's "law practice has been concentrated in Social Security disability law for at least 25 years, and accordingly has been exclusively based on contingency fee arrangements rather than hourly billing[, he] has no hourly billing history to report." (Reply 2). Under these circumstances, the Court

will not require Counsel to submit a standard hourly rate and accepts his hourly records as sufficient to assess his fees for reasonableness.

The Commissioner also contends that Counsel's effective hourly rate is unreasonably high. (Resp. 3). The Court disagrees. Judges within the Northern District of Illinois have evaluated and approved Social Security fee requests resulting in an effective hourly rate significantly higher than the $787 that Counsel requests. *See, e.g.*, *Anderson v. Astrue*, No. 08 CV 613, 2011 WL 379042, at *2 (N.D. Ill. Jan. 27, 2011) (approving 25% contingent fee where Commissioner objected on ground that award would amount to an effective rate of $982.91 per hour); *Reindl v. Astrue*, No. 09 CV 2695, 2012 WL 4754737, at *3 (N.D. Ill. Oct. 4, 2012) (approving an hourly rate of $1,164.51). And, if the Court takes into consideration the 30 hours Counsel spent on this case before the Agency (Mot. ¶ 12), and the EAJA fees that will be reimbursed to Plaintiff,[3] the contingency fee amounts to less than $320 per hour. *See Reindl*, 2012 WL 4754737, at *4 ("[T]he Commissioner's computation focuses solely on the 27.7 hours [counsel] spent on the proceedings in this Court, and does not take into account the 28.9 hours he spent in administrative proceedings both before and after the proceedings in this Court. Were we to look at all of the time [counsel] spent on [the plaintiff's] claim, the computed hourly rate would be $645.00 per hour."). Moreover, because only 35% of disability appeals result in benefit awards, *see Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011), Counsel's effective hourly

---

[3] As explained below, the EAJA fees, which were awarded to Counsel in June 2012, will be refunded to Plaintiff. *See infra* § I.D.

rate for all Social Security disability claims cases handled is substantially less than the $787 per hour realized in this case.

Plaintiff also objects to Counsel's fee request. (Dkt. 52). Plaintiff states that he was under the impression that his fee agreement was capped at $5,300. (*Id.* 1). But the $5,300 cap was only for Counsel's representation of Plaintiff in proceedings before the Agency. (*Id.* 6) ("This contract and fee cover only representation before [the Social Security Administration] in connection with this claim."). When Plaintiff's claim was denied by the Appeals Council, Counsel explained to Plaintiff that if he wanted Counsel to represent him in federal court, a new representation and fee agreement was needed. (Dkt. 54 at 1, Ex. 1). Plaintiff was urged to have another attorney review the new contract for fairness, if he desired. (*Id.*). The new representation agreement included this language:

> Any fees under this contract are subject to approval by the court. Fees under this contract, for this representation, shall be as follows:
>
> The attorneys may petition the court to allow the attorneys a reasonable fee, not to exceed 25% of the total retroactive benefits due on the client's Social Security claim, to be paid by the client for representation in proceedings before the court. Any fees ordered by the court under this provision are payable out of the client's funds.

(*Id.* Ex. 1). Other than the 25% language, there is no other cap included in the contract. (*Id.*). On March 29, 2010, Plaintiff authorized Counsel to appeal the denial of benefits to federal court and executed the representation agreement. (*Id.* Ex. 2). It is not clear whether Plaintiff exercised his right to have another attorney review the contract before signing it. In any event, there is no evidence that Plaintiff raised any concerns about the contract at that time. (*Id.* 2).


While Plaintiff acknowledges signing the new contract, he thought the first contract would be reinstated once the case was remanded to the Commissioner for further proceedings. (Dkt. 52 at 1). The Court has carefully reviewed both agreements. Nowhere in either agreement does it suggest that upon a successful remand, the new contract would be superseded by the older one.

Plaintiff also contends that the amount of time spent by Counsel in this case was excessive. (Dkt. 52 at 2). The Court respectfully disagrees. Based on the excessive size of the Administrative Record in this matter—1,750 pages—and the complicated legal and medical issues that were thoroughly briefed in the motion for summary judgment and reply, the Court finds that Counsel's time spent on this case was very reasonable.[4]

After carefully considering the issues raised by Plaintiff, the Court finds that Plaintiff's fee agreement with Counsel was fair and the amount claimed reasonable. As discussed above, the attorneys' fees paid out of Plaintiff's award amount to less than $320 per hour, which is very fair considering that Counsel was instrumental in securing Plaintiff over $107,000 in past due benefits and almost $1,250 in monthly social security payments going forward.

In sum, the Court finds that Counsel's fee request is reasonable. The overall favorable result for Plaintiff is not out of proportion to the 34 hours of work that Counsel performed. Furthermore, the Commissioner does not contend and this

---

[4] Plaintiff complains that Counsel refused to meet with him to reach an agreement on fees, in contravention to a Court order. (Dkt. 52 at 1). But the Court had ordered Counsel and the Commissioner to meet and confer, not Plaintiff and Counsel. (*See* Dkt. 49).

Court does not find any evidence that Counsel's work was in any way substandard, or that he contributed to any delays in the proceedings. *See Gisbrecht*, 535 U.S. at 808.

**D. EAJA Award Will Be Refunded to Plaintiff**

A claimant's attorney is eligible to request fees from the district court under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified." *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)). While fee awards may be made under both § 406 and EAJA, the attorney must refund to the claimant the amount of the smaller fee. *Id.* "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (citation omitted).

In June 2012, Counsel received EAJA fees in the amount of $6,073.50, which he has agreed to refund to Plaintiff. (Mot. ¶¶ 7–10). In his Motion, Counsel made a calculation error, incorrectly requesting the Court to release $6,387.50 to Plaintiff for the EAJA offset. (Reply 1). Counsel has agreed that this $314 error should inure to Plaintiff's benefit. (*Id.* 1–2).

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees [47] is GRANTED. The Court GRANTS Counsel's petition for § 406(b) fees in the amount of $26,783.23. The Commissioner shall pay $20,395.73 to Counsel, and release the balance, $6,387.50, to Plaintiff.

E N T E R:

Dated: August 26, 2013

MARY M. ROWLAND
United States Magistrate Judge